Citation Nr: 1438780 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 08-34 107 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to service connection for residuals of a left hip replacement, to include as secondary to service-connected right knee disability status post knee replacement.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant and his wife


ATTORNEY FOR THE BOARD

Jonathan Tracy, Associate Counsel

INTRODUCTION

The Veteran served on active duty from December 1951 to December 1955. This case comes before the Board of Veterans' Appeals (Board) on appeal from a May 2008 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi. Jurisdiction over the claims file is currently held by the RO in Houston, Texas.

In February 2009, the Veteran testified before a decision review officer (DRO) at the Jackson RO. A transcript of the hearing is of record. 

In a January 2013 decision, the Board denied the Veteran's claim. The Veteran thereafter appealed the Board's decision to the U.S. Court of Appeals for Veterans Claims (Court). In a June 2013 Order, the Court granted a Joint Motion for Remand, vacated the January 2013 Board decision, and remanded the matter for readjudication consistent with the motion. The Board then remanded the case for additional development. There has been substantial compliance with the mandates of the remand and the Board will proceed to adjudicate the appeal. See Stegall v. West, 11 Vet. App. 268 (1998).

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDING OF FACT

Left hip osteoarthritis status post hip replacement was not present in service or until years thereafter, is not etiologically related to any incident of service, and is not caused or aggravated by a service-connected disability.

CONCLUSION OF LAW

The criteria for service connection for residuals of a left hip replacement have not been met. 38 U.S.C.A. §§ 1131, 5103, 5103A, 5107 (West 2002 & Supp. 2013), 38 C.F.R. §§ 3.102, 3.159, 3.301, 3.303, 3.310 (2013).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board has thoroughly reviewed all the evidence in the Veteran's claims folder. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the extensive evidence submitted by the Veteran or on his behalf. See Gonzales v. West, 218 F.3d 1378 (Fed. Cir. 2000). The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. The Veteran must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000).

I. VA's Duties to Notify and Assist

VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a). See also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess v. Nicholson, 19 Vet. App. 473 (2006). Proper notice was provided in February 2008.

With regard to the duty to assist, the claims file includes records of treatment reported by the Veteran, including service treatment records, records of VA treatment, and private medical records. VA also attempted to obtain records from the Social Security Administration (SSA), but a December 2008 response from SSA indicated that the Veteran's records had been destroyed. Additionally, the Veteran was provided a proper VA examination in April 2009. The April 2009 VA examiner did not opine on whether the Veteran's left hip condition is aggravated by his service connected right knee condition. Therefore, the Court vacated the Board's January 2013 opinion. A new VA examination was conducted in March 2014 and an addendum medical opinion was provided in June 2014.

While the VA examination did not provide a medical opinion addressing whether service connection was warranted for the left hip disability as directly due to service, the record does not contain any competent evidence of a possible association between the disability and active duty. The Veteran has not alleged that his left hip disability was incurred due to service and he testified in February 2009 that he did not experience any hip pain during military service. A medical opinion or examination addressing service connection on a direct basis is therefore not required by the duty to assist. 38 U.S.C.A. § 5103A(d).

II. Service Connection Criteria

The Veteran contends that service connection is warranted for residuals of a left hip replacement as they were incurred secondary to a service-connected right knee disability, status post knee replacement.

Service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). Establishing service connection generally requires medical evidence or, in certain circumstances, lay evidence of the following: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Hickson v. West, 12 Vet. App. 247 (1999); Caluza v. Brown, 7 Vet. App. 498 (1995), aff'd per curiam, 78 F.3d 604 (Fed. Cir. 1996) (table).

Service connection may be granted for a disability that is proximately due to or the result of a service-connected disability. 38 C.F.R. § 3.310(a). To establish entitlement to service connection on a secondary basis, there must be competent medical evidence of record establishing that a current disability is proximately due to or the result of a service-connected disability. See Lathan v. Brown, 7 Vet. App. 359, 365 (1995). Further, a disability which is aggravated by a service-connected disability may be service-connected to the degree that the aggravation is shown. 38 C.F.R. § 3.310(b); Allen v. Brown, 7 Vet. App. 439 (1995).

In each case where service connection for any disability is being sought, due consideration shall be given to the places, types, and circumstances of such Veteran's service as shown by such Veteran's service record, the official history of each organization in which such Veteran served, such Veteran's medical records, and all pertinent medical and lay evidence. 38 U.S.C.A. § 1154(a).

Competent medical evidence is evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions. Competent medical evidence may also include statements conveying sound medical principles found in medical treatises. It also includes statements contained in authoritative writings, such as medical and scientific articles and research reports or analyses. 38 C.F.R. § 3.159(a)(1). Competent lay evidence is any evidence not requiring that the proponent have specialized education, training, or experience. Lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a lay person. 38 C.F.R. § 3.159(a)(2). This may include some medical matters, such as describing symptoms or relating a contemporaneous medical diagnosis. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded the claimant. 38 U.S.C.A. § 5107(b).

III. Analysis

Turning first to whether service connection is warranted on a direct basis, the Veteran has not contended that he experienced any symptoms of left hip pain during military service. His service records are negative for evidence of the disability and there is no documentation of left hip arthritis within a year after separation to allow for service connection on a presumptive basis. See 38 U.S.C.A. §§ 1101, 1112; 38 C.F.R. §§ 3.307(a), 3.309(a). The earliest evidence of a left hip disability dates to November 2003, almost 50 years after the Veteran's discharge from active duty service, when he was diagnosed with osteoarthritis by a private physician. In addition, the record does not demonstrate the presence of a nexus between the Veteran's residuals of a left hip replacement and any incident of active duty service, to include a report of continuity of symptoms since service.

Turning next to whether service connection is warranted on a secondary basis, the record clearly establishes the presence of a current disability. The Veteran was diagnosed with severe osteoarthritis of the left hip in November 2003 by a private physician and underwent left hip replacement surgery in January 2004. He has continued to receive treatment for complaints of left hip pain at various VA facilities and was diagnosed with residuals of a left total hip arthroplasty upon VA examination in April 2009.

Although the record establishes that the Veteran has a current left hip disability, the weight of the evidence does not demonstrate that the disability was caused or aggravated by his service-connected right knee condition. The Veteran has not submitted any competent medical evidence in support of his claim, and none of his treating physicians have provided a medical opinion linking the left hip disability to the right knee.

The medical opinion from the April 2009 VA examiner weighs against the claim. After reviewing the claims file and physically examining the Veteran, the VA examiner concluded that the Veteran's left hip disability was more likely due to the age-related progression of degenerative joint disease. This finding was based on the age of the Veteran and the characteristics of his disability, including the lack of a change to the mechanical axis of the right knee which would indicate a secondary condition. The April 2009 medical opinion was fully explained, based on an accurate presentation of the facts, and was rendered following review of the claims file.

However, the 2009 examination report did not adequately address the question of aggravation. There was a line in the April 2009 examination report that the left hip was "worn out" due to the right knee. 

Subsequent to the Joint Motion and pursuant to the Board's remand instructions, the Veteran was afforded another VA examination in March 2014. Based on the examination and review of the record, the examiner opined that the left hip condition was not caused by the right knee disability. As rationale, the examiner noted that the Veteran had right knee and left hip replacements in 2004 "indicating the left hip was already significantly impaired, as was the right knee. There is a measurable small difference in right lower leg length X 1cm, but onset is unclear. Was it present prior to the TKA in not clear. It is not enough discrepancy to expect an[y] related consequence. It is not clear why the left hip was completely [degenerated] in 2004, and no right hip problem is noted to date. There is no mechanical rationale for the left hip being so debilitated versus the right hip in relationship to the right knee condition. I suspect prior left hip inujury [sic]. Based on all available data, in my opinion, the left hip replacement and residual is not as least as likely as not second[ary] to the [service-connected] right knee condition."

In a June 2014 addendum, the examiner opined that it is not as least as likely as not that the left hip condition was secondary "or significantly aggravated" by the right knee. "There is no mechanical rational[e]. The veteran was 71 when he had the hip replacement, he lived an active lifestyle." Further, in an email dated in June 2014, the examiner reported that the note in the 2009 examination report indicating the left hip was "worn out" due to the right knee was based on a "subjective statement from the Veteran," not a diagnosis.

The only other evidence in the record concerning the etiology of the Veteran's hip is the Veteran's own statements. Lay persons are competent to provide opinions on some medical issues. Kahana v. Shinseki, 24 Vet. App. 428 (2011). However, the hip disability at issue in this case could have multiple possible causes and thus, falls outside the realm of common knowledge of a lay person. Jandreau v. Nicholson, 429 F.3d 1372 (Fed. Cir. 2007). Thus, the Board finds that the competent evidence of record weighs against the claim for service connection on a secondary basis.

In sum, the first evidence of the Veteran's left hip disability was many years after his separation from active duty. In addition, the competent medical evidence does not establish that the Veteran's residuals of a left hip replacement were caused or aggravated by the service-connected right knee disability or active service. The most recent VA examiner found no mechanical rationale for a relationship between the service-connected right knee and the left hip. In support of the conclusion, the examiner observed that both the left hip and right knee were significantly impaired at the time both joints were replaced, but there was no right hip problem noted. The examiner said there is no mechanical rationale for the left hip being so debilitated versus the right hip, in relationship to a right knee condition. Although the addendum included the examiner's observation that the left hip was not "significantly" aggravated by the right knee, the Board finds that within the overall context of the opinion, the examiner found no mechanical rationale for any relationship, especially given the fact that the right hip was problem free. The Board therefore concludes that the evidence is against a nexus between the Veteran's claimed disability and a service-connected disability or active duty service. Accordingly, the Board must conclude that the preponderance of the evidence is against the claim and it is denied. 38 U.S.C.A. § 5107(b).


ORDER

Entitlement to service connection for residuals of a left hip replacement, to include as secondary to service-connected right knee disability status post knee replacement, is denied.




____________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs